NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA G. BARNES,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security; JIMMY ELKINS, SSA
Selection Officer,

Defendants-Appellees.

No.    23-15859

D.C. No.
3:18-cv-00199-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted April 2, 2024[**]
Pasadena, California

Before:  R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Plaintiff, Patricia G. Barnes, seeks review of two district court orders, one

dismissing her First Amendment claim, and the other granting summary judgment

for defendants denying her disparate impact claim brought against the Social

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Security Administration ("SSA") under the Age Discrimination in Employment Act ("ADEA").  Specifically, the district court determined that special factors counseled against expanding *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* to Barnes' First Amendment retaliation claim.  It also held that she had not presented appropriate statistical evidence to show that the SSA's employment practices caused a disparate impact on people of a certain age group.  This court has jurisdiction under 28 U.S.C. § 1291, and we affirm the decision of the district court.

When reviewing grants of summary judgment for ADEA claims, this court reviews those grants de novo.  *See Palmer v. United States*, 794 F.2d 534, 536 (9th Cir. 1986).  This court must determine whether there are any "genuine issue[s] of material fact and whether the law was correctly applied" by the lower court.  *Id.*  We view the "evidence in the light most favorable to the [nonmoving] party."  *Id.*  We review dismissals of claims de novo.  *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018).

This case largely centers on the ADEA's prohibition on discriminating against employees or applicants based on age.  The statute states that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age … shall be made free from any discrimination based on age."  29 U.S.C. § 633a(a).  Disparate impact is one of the theories that can form the basis for an age discrimination claim.  In order to make out a case for disparate impact under the

2

ADEA, a plaintiff must (1) identify an occurrence of certain outwardly neutral employment practices, and (2) show that there was a significantly adverse or disproportionate impact on persons of a certain age because of that employment practice. *See Palmer*, 794 F.2d at 538 (internal citation and quotation marks omitted).

Barnes initially contends that the district court failed to follow this court's mandate when it previously remanded her case. Barnes argues that the mandate required the SSA to address why it limited the public notice of the recruitment to certain offices. That contention, however, is incorrect. The prior panel only found that a disparate impact resulting from the SSA's hiring practices was *plausible* and that the district court thus needed to assess that claim. This is what the district court did when it developed the record on this issue. It complied with the court's mandate.

Barnes next asserts that the district court incorrectly granted summary judgment on her disparate impact claim. The district court found that despite the opportunity that Barnes was afforded to present statistical evidence on the ages of those who could access the job posting, she failed to present appropriate evidence to establish a causal link between the SSA's employment actions and a disparate impact on applicants over the age of 40. While age data was provided for certain categories of people who could have seen the posting—namely Boyd Law School students and current Peace Corps members—there was no data presented about the ages of Boyd

or Peace Corps alumni, students and alumni from other schools who had access to Boyd's online job board, or people within the SSA who were informed of the job opening. We agree with the district court that Barnes has not presented the appropriate evidence to show a disparate impact on individuals by virtue of their age. Thus, the grant of summary judgment was proper.

Nor did the district court err in dismissing Barnes's First Amendment claim. She brough her claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, which allows for a limited right to sue federal officers for constitutional violations. 403 U.S. 388 (1971). The Supreme Court has recently directly held that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). This claim was thus properly dismissed.

**AFFIRMED.**